DÍAZ CANEJA *v.* DEL VALLE ET AL.

APPEAL from the District Court of San Juan.

No. 166.—Decided April 21, 1908.

APPEAL—CONSIDERATION OF EVIDENCE.—This court cannot consider the evidence where an appeal is taken after the expiration of the period of 15 days provided by section 295 of the Code of Civil Procedure.

CENSO (ANNUITY)—REDEMPTION—SECTION 1511 OF THE REVISED CIVIL CODE.—A stipulation to the effect that a *censo* or annuity may be redeemed, if the interest thereon is not paid for three years is not repugnant to the provisions of said section, and in this class of contract the parties may make such stipulations as they may deem proper, provided they are not contrary to the laws, good morals, or the public order.

The facts are stated in the opinion.

*Mr. Manuel F. Rossy* for appellant.

*Mr. Texidor* for respondent.

MR. JUSTICE WOLF delivered the opinion of the court.

The judgment in this case as pronounced on the 18th of February, 1907, and an appeal noted on the 11th of March of the same year. Consequently the case in this respect must follow the decision and opinion of this court in the case of *Sucesores de Olivas & Co.* v. *J. Matienzo & Co.*, which was fully considered by this court again, on a motion for reconsideration recently decided, and there are a number of cases in this court to the same effect. Therefore we cannot inquire into the proof presented at the trial. It only remains for us to examine the complaint to see if a cause of action was stated

therein. The complaint shows that Manuel Díaz Caneja is the collector of vacant chaplaincies in Porto Rico duly authorized; that on the 11th of February, 1836, Mrs. María Antonia Fernández de Pizarro bound herself to pay the principal of the *censo* of $1,500 for a chaplaincy founded by Mrs. Antonia Espino and which chaplaincy was then occupied by Don Angel de la Concepción, presbyter; that the said Doña María Antonia Hernández de Pizarro for the purpose of securing the aforesaid principal and interest of said *censo* made a mortgage on an urban piece of property belonging to her situated in San Juan at the corner of San Francisco and San Justo Streets. This mortgage was established by said deed of 1836 and a record was made of it in the Registry of Mortgages of San Juan, at folio 202 *et seq.,* of volume 8; that said presbyter died and the chaplaincy which he had enjoyed during his life mentioned heretofore was, by the Bishop of Porto Rico, adjudged to the Presbyter Don José de Jesús Delgado who enjoyed said chaplaincy until his death in 1884, on which date the chaplaincy became vacant; that the income derived from said chaplaincy was collected from the date of the death of Don José de Jesús Delgado until the year 1899 by the collector of vacant chaplaincies, at whose office they were duly paid by the obligators; that on the 13th of November, 1858, before the Notary Agustín Rosario a new acknowledgment of the aforesaid chaplaincy was made by Pablo Corominas in the sum of 1,500 *pesos, macuquinos,* equivalent to 1,373 *pesos* and 73 *centavos,* Spanish money, it being stated by the said Corominas that it was the chaplaincy (*congrua*) once occupied by the Presbyter Delgado; and the said Corominas bound himself in and by the aforesaid deed to pay the principal of the chaplaincy in case he should fail to pay the annual instalments of interest for three years; that by same deed the said Sr. Corominas to secure the said principal and interest of the *censo* referred to constituted a mortgage on the house situated 89 Fortaleza Street, San Juan; that the preceding entry was transferred to the books

of modern registry of property as record in the same, said transfer being made on the 23d of July, 1895; that said entry appears made on the modern registry as the fourth inscription of the house No. 81 Fortaleza Street, at page 50 *et seq.* of volume 17, of San Juan, being the same house heretofore described as 89 of the same street; that such house is at present the property of the respondents who duly acquired the same by purchase; that the said respondents at the time of the purchase had knowledge of the existence of the *censo* and of the subsisting obligation to pay the interest; that said respondents paid said interest from the time of their acquisition of the property up to the year 1899, from which time no payments have been made by them; that the respondents Don Pedro del Valle Atiles and Doña Jovita Atiles Díaz owe five annual instalments of the alleged *censo* amounting to 375 *pesos,* Spanish money, which the complainant has the right to acquire; that as more than three years have elapsed without paying the instalments the principal of this *censo,* amounting to 1,373 *pesos,* Spanish money, is due and owing; that the respondents upon acquiring the house on Fortaleza Street, knowing the encumbrances thereon thereby admitted their obligation to pay the *censo* and the amounts now being claimed by the complainant.

This complaint is rather vague and confused. It does not clearly set out the nature of the chaplaincy or show in direct words what the intention of the founder was. We are unable to classify with certainty the chaplaincy of which reference is made. We do not know whether a royal license was granted or not. The answer and the brief of the appellants set up that they were relieved by the death of Father Delgado from any further obligation to pay as the chaplaincy only ran for the life of said father.

However the complaint in its fourth paragraph does set up that the chaplaincy to which Father Delgado was named was the same that had been previously occupied by the presbyter Don Angel de la Concepción. In this somewhat indi-

rect manner it is shown that the chaplaincy or *censo* is a continuing one and not merely for the life of one man.

The appellant urges in his brief that the complainant has no right to demand that the respondent should redeem the *censo,* and he cites in support of his contention section 1511 of the Revised Statutes and the judgment of the Supreme Court of Spain of the 11th of November, 1864. This court has had occasion to consider this question in the case of *El Convento de las R. R. M. M. Carmelitas, represented by Don Manuel Díaz Caneja* v. *Julián Silva,* where the court set forth that the parties may make any contract which they please, which is not contrary to laws, morals or public policy. In the case at bar, the parties agreed that the *censo* might be redeemed if the installments were not paid for three years, and it makes no difference what reasons the appellants had for not making the payments.

The eminent comentator José María Manresa y Navarro in his commentaries on the Spanish Civil Code concerning section 1255 of that Code which is 1222 of the revised one says the following:

"The most important but at the same time the most exact and clear of the restrictions is the one relating to the conflict between the thing or things agreed upon and the law. Upon this point one distinction gives us a sure guide. Most of the legal provisions with respect to contracts are supplementary rules expressing the natural effects of every agreement and make a kind of a model which may be waived with respect to certain parts thereby affected, substituting others for them or suppressing them; they are, in short, the useful suggestions which forestall the consideration of all the consequences, of all extended making of rules for each and every obligation which a contract may cause. But as such models or guides do not constitute binding rules (a character obtaining to most of the provisions about contracts), it is allowable to vary them. Therefore the laws to which this section refers are those which either declare of themselves their binding nature or are shown to be prohibitory or are, without such requisites, express fundamental principles of justice which the contracting parties cannot ignore, or again, they determine essential requirements without which the contract may not exist."

Section 1222 of the revised code has a general provision applicable to all contracts, not excluding the *censo*, although section 1511 sets forth that the nature of the transfer of the principal or of the estate is perpetual or for an unlimited time, but as this provision of the law permits the obligator under the *censor* to redeem it even though the contrary is agreed upon; in the same manner a pact to redeem in case of default of three annual payments may be made, without violating the provisions of section 1511, which we understood is to be applied rigorously if the contracting parties do not agree upon a redemption in case of default in the conditions of the contract.

The essential elements of the *censos* are contained in sections 1507, 1508, 1509 and 1510 of the Revised Civil Code and section 1511 makes a rule not affecting the essence of the contract, but only some of its effects, which rule the parties may waive if they so contract because that section is not included in any of the cases mentioned by the commentator. And it is evident in the present case that no practical purpose is subserved by a discussion of article 1511 of the Revised Civil Code for we cannot look into the proof; and looking at the facts of the complaint which is a little vague and confused and may be treating of the principal of a chaplaincy of a *censo* or of a mortgage debt, so that in whatever way it is regarded the complaint shows an obligation to pay, the nature of which was to be inquired into by the court below taking into consideration the proof given at the trial.

We cannot examine the other points touched upon in the briefs of the parties, because they presuppose the necessity of an examination of the proof which we cannot make by reason of the time at which the appeal was taken.

Whatever defects of intelligibility the complaint contained, there is enough in the appellee's pleading to give the defendant notice of the character of the claim. There was no demurrer or objection taken to the complaint and under these

conditions we feel bound to support the conclusions of the court below, and the judgment should be affirmed.

*Affirmed.*

Chief Justice Quinoñes and Justices Hernández and Figueras concurred.

Mr. Justice MacLeary dissented.